CLIFTON L. BRIDGES *v.* STATE OF INDIANA.

[No. 171S20.  Filed August 6, 1973].

*Jerry N. Virgil, Stephen E. Platt,* of Elkhart, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On October 5, 1970, the Appellant and one Jonathan Stutsman were arrested by Trooper Mark Short of the Indiana State Police. The Appellant, age 17, was a passenger in a car driven by Stutsman. Trooper Short confiscated several packets containing marijuana which he had recovered from the trunk of the car. At the time of his arrest, the Appellant disclaimed any knowledge of the presence of marijuana in the car. The Appellant was thereafter taken to the Elkhart County Jail. He was advised of his rights at the jail and signed a rights waiver form provided by the police on the date of his arrest. On October 6, 1970, the Appellant gave the officers a written statement which contained a rights waiver which he signed. These were the only times the Appellant was informed of his constitutional rights. On October 7, 1970, Ray D. Auer, the Elkhart County Juvenile Officer filed a petition alleging that the Appellant had committed "an act of delinquency in this, to wit: unlawful possession of marijuana at Fairfield High School, Elkhart County, Indiana." Trooper Short filed an affidavit reciting facts supportive of the allegations in the petition for delinquency. The probation officer filed preliminary and supplementary reports which were made a part of the record. The cause was set for hearing on October 16, 1970. At the time he set the hearing date, the Judge was informed that the Appellant's parents were residents of California. The Judge, therefore, ordered that notice be sent to the Appellant's parents by registered mail. The Appellant's mother appeared at the hearing together with the Appellant. The presiding judge did not inform the Appellant or his mother of the right to retain counsel to represent the Appellant at the hearing. In fact, the probation officer, prior to the hearing, had advised the Appellant and his mother not to retain counsel as that would not be necessary. The evidence was presented, and thereafter the Judge found the Appellant to be a delinquent child "because of being guilty of processing and selling marijuana." The juvenile court thereupon sentenced the

Appellant to imprisonment at the Indiana State Farm for a period of one (1) year.

The Appellant contends that the juvenile court violated his constitutional right to due process of law by failing to advise him of his right to have the assistance of counsel at the hearing which resulted in his incarceration. The decisions of the United States Supreme Court with respect to this question leave no room for doubt. A juvenile is entitled to the assistance of counsel at every stage of the juvenile proceedings. *In re Gault* (1967), 387 U.S, 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527; *Kent* v. *United States* (1966), 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84. This court has heretofore applied the constitutional mandates of the United States Supreme Court. *Bible* v. *State* (1970), 253 Ind. 373, 254 N. E. 2d 319; *Pigg* v. *State* (1969), 253 Ind. 329, 253 N. E. 2d 266; *McClintock* v. *State* (1969), 253 Ind. 333, 253 N. E. 2d 233; *Summers* v. *State* (1967), 248 Ind. 551, 230 N. E. 2d 320. Therefore, it is clear under the United States Supreme Court rule that a juvenile who is alleged to be delinquent is entitled to the assistance of counsel at any interrogation that may take place, and at the hearing before the juvenile judge at which disposition of his status is made. In the case at bar, the accused juvenile was not represented by counsel at any stage of the proceedings prior to this appeal. Nevertheless, the state contends that the Appellant validly waived his constitutional right to the assistance of counsel when he signed a waiver of rights at the Elkhart County Jail on October 5, 1970, the date of his arrest, and when he signed a written confession (later introduced into evidence) which contained another rights waiver. The issue as to when and under what circumstances a juvenile may validly waive his right to counsel has been settled by the case of *Lewis* v. *State* (1972), 259 Ind. 431, 288 N. E. 2d 138. In that case, this court held that:

". . . a juvenile's statement or confession cannot be used against him at a subsequent trial or hearing unless both

he and his parents or guardian were informed of his rights to an attorney, and to remain silent. Furthermore, the child must be given an opportunity to consult with his parents, guardian or an attorney representing the juvenile as to whether or not he wishes to waive those rights. After such consultation the child may waive his rights if he so chooses provided of course that there are no elements of coercion, force or inducement present." *Id.,* at —. 288 N. E. 2d at 142.

The above-quoted case makes the confession introduced into evidence at the hearing inadmissible because Appellant's parents were not advised of his right to have the assistance of counsel before and during questioning, and because Appellant was not given time to consult with his mother on the matter. But, *Lewis, supra,* and *Gault, supra,* and its progeny require more than just advice at the interrogation stage. The law requires that an accused juvenile and his parents be advised of his right to the assistance of counsel and of his right to remain silent at every stage of the proceedings. The duty to advise the juvenile at the hearing stage devolves upon the trial judge, who when faced with a juvenile who desires to waive his right to counsel and his right to remain silent, must inquire of the juvenile and his parents, if available, to insure that the waiver is voluntarily, knowingly, and intelligently given. Such an inquiry would be meaningless unless the judge established that the juvenile and his parents, if available, knew what his rights were. In the case at bar, there is no showing that the trial judge made any attempt to advise the juvenile of the rights he was purporting to waive, nor did the court advise the mother who was present at the hearing. The nature of the juvenile procedure itself requires that the judge insure that the juvenile understands the nature of the proceedings, the charges, and his rights, in order to effect the role that the juvenile courts were designed to play in our system of justice. Here, the juvenile and his mother were advised that retention of counsel would be unnecessary. This advice was improper. Both the confession obtained during the in-custody interrogation by the

police, and the statements made by the juvenile during the hearing were inadmissible under the United States Supreme Court decisions followed in this state. See *In re ault* (1967), 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527; *Lewis* v. *State* (1972), 259 Ind. 431, 288 N. E. 2d 138.

For the reasons stated, the judgment of the trial court is reversed with directions to discharge the appellant.

All Justices concur.

NOTE.—Reported in 299 N. E. 2d 616.