**Phillip B. BRATCHER, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A05–9504–CR–153.**

Court of Appeals of Indiana.

Feb. 13, 1996.

Mark A. Dabrowski, Deputy Public Defender, Kokomo, for appellant.

Pamela Carter, Attorney General, Geoffrey Slaughter, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

A judge found Phillip Bratcher ("Bratcher") guilty of possession of marijuana, a class A misdemeanor.[1] In his appeal, Bratcher presents one issue for our review which we restate as whether the trial court erred in admitting marijuana seized from Bratcher.

We affirm.

The facts most favorable to the State reveal that Kokomo Police Officer Deric Beroshok ("Officer Beroshok") was dispatched to a domestic disturbance. While en route, another officer advised him that one of the individuals involved had just left in a grey and black Ford Thunderbird. Officer Beroshok observed the Thunderbird traveling at a high rate of speed and chasing another vehicle. Officer Beroshok stopped both vehicles. Bratcher exited the Thunderbird, put his hands in the air, and began arguing with a woman in the other vehicle. Officer Beroshok approached Bratcher and smelled a strong odor of alcohol on his breath. In addition, his eyes were red and watery, and

he appeared nervous and anxious. Officer Beroshok elected not to administer any dexterity tests because Bratcher was still arguing with the driver of the other vehicle. He then conducted a protective search, patting down Bratcher for weapons. While patting him down on the outside of his clothing, Officer Beroshok felt a soft item. Right away, he thought it was a bag containing marijuana. Officer Beroshok reached into Bratcher's pocket and retrieved a plastic bag which was later determined to contain marijuana. Bratcher was arrested and charged with possession of marijuana.[2]

Bratcher argues that the trial court erred in admitting the marijuana into evidence. The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State*, 514 N.E.2d 1068, 1073 (Ind.1987), *reh. denied.* Relevant evidence is not inadmissible merely because it is prejudicial. *Id.*

The Fourth Amendment of the United States Constitution[3] guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." Searches and seizures conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specific and well delineated exceptions. *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334 (1993). One recognized exception is where a police officer stops and briefly detains a person for investigative purposes as long as the officer has a reasonable suspicion, supported by articulable facts, that criminal activity may be afoot, even if the officer lacks probable cause. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

---

1. IND.CODE § 35-48-4-11 (1993).

2. Prior to trial, Bratcher pled guilty to the charge of operating a vehicle while intoxicated. Therefore, it is not at issue in this appeal.

3. Because Bratcher fails to present any legal analysis in support of a violation of the Indiana

Constitution, he has waived any state constitutional argument. *Bivins v. State*, 642 N.E.2d 928, 936, n. 1 (Ind.1994), *cert. denied,* — U.S. ——, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996).

■ Bratcher contends that Officer Beroshok's search exceeded the scope of a lawful stop and frisk as permitted by *Terry*.[4] We note that the level of suspicion required for a *Terry* stop is less demanding than probable cause. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989); *Platt v. State*, 589 N.E.2d 222, 226 (Ind.1992). To justify a warrantless intrusion, a police officer need not have probable cause to make an arrest but must point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant an intrusion upon an individual's right of privacy. *Terry*, *supra*, at 21, 88 S.Ct. at 1879–80; *Platt*, *supra*, at 225–26. If the facts known by the officer at the time of the stop are such that a man of reasonable caution would believe that the action taken was appropriate, the command of the Fourth Amendment is satisfied. *Platt*, *supra*, at 226. In evaluating the validity of a stop, we must consider the totality of the circumstances. *Id.*

■ The question before us then is whether the facts known to Officer Beroshok at the time he stopped Bratcher's vehicle were sufficient to warrant the belief of a man of reasonable caution that an investigation was appropriate. We believe the facts were sufficient.

■ As noted above, Officer Beroshok was responding to a report of a domestic disturbance when he was advised that the male involved had left the scene. The officer stopped Bratcher because he was traveling at a high rate of speed and chasing another vehicle. A police officer may stop a vehicle when they observe minor traffic violations. *Black v. State*, 621 N.E.2d 368, 370 (Ind.Ct. App.1993). Thus, Bratcher's actions gave the officer reason to be suspicious of criminal conduct. When Bratcher stopped his vehicle and exited, the officer smelled a strong odor of alcohol on Bratcher's breath and noted that Bratcher's eyes were red and watery. *See e.g., Platt*, *supra*, at 227 (deputy's reasonable suspicion rose to the level of probable cause only after he found the driver behind the wheel and detected alcohol on his breath). In addition, Bratcher continued to argue with the person in the other vehicle. Under these facts, Officer Beroshok was justified in stopping Bratcher to determine if he was engaged in criminal activity.

■ Because the initial stop of Bratcher was proper, we must consider whether the subsequent search was permissible. Bratcher contends that Officer Beroshok's search exceeded the scope of a lawful frisk as permitted by *Terry*. We disagree. In conducting a *Terry* search, the officer need not be absolutely certain that an individual was armed but only that a reasonably prudent man in the same circumstances would be warranted in the belief that his safety or that of others was in danger. *Terry*, *supra*, at 27, 88 S.Ct. at 1883. The officer may conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault the officer. *Id.* at 30, 88 S.Ct. at 1884.

The evidence clearly establishes that Officer Beroshok was justified in feeling endangered by the situation. The officer was responding to a report of a domestic disturbance. After being pulled over, Bratcher smelled of alcohol and appeared nervous and anxious. In addition, he continued to argue with the woman who was the driver of the other vehicle. Therefore, the officer was entitled, for his own protection and for the protection of others, to conduct a limited search for weapons. *See id.*

■ Moreover, the United States Supreme Court held that police officers may seize contraband detected during the lawful execution of a *Terry* search. *Dickerson*, *supra*, at 373, 113 S.Ct. at 2136. The Court drew an analogy between the warrantless seizure of contraband in plain view of a police officer conducting a *Terry* search and when an officer discovers the contraband through

---

4. We note that the trial court admitted the marijuana under the search incident to arrest exception. Bratcher argues that the trial court erred in admitting evidence under that exception because Officer Beroshok lacked probable cause to arrest him. However, because the issue of whether the seizure was proper under *Terry* is dispositive, we do not address the other exception.

his sense of touch. *Id.* at 375, 113 S.Ct. at 2137. Adopting the "plain feel" doctrine, the United States Supreme Court opined:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.

*Id.* The United States Supreme Court determined that the police officer's continued search of the defendant's pocket *after* concluding that no weapons were present and *after* the incriminating character of the object was not immediately apparent to him was not authorized under *Terry* and, thus, the subsequent seizure of contraband was unconstitutional. *Id.* at 378–379, 113 S.Ct. at 2139. The United States Supreme Court emphasized that the nature of the contraband must be immediately apparent and that no further manipulation of the suspect article is permissible. *Id.*

This court recently addressed two similar factual scenarios. In *In the Matter of C.D.T.*, 653 N.E.2d 1041 (Ind.Ct.App.1995), the police officer conducted a patdown search for weapons of the defendant's outer clothing after reasonably suspecting the defendant of drug dealing. After ascertaining that the defendant did not possess any harmful weapons, the officer continued his search, felt a "crumbled plastic baggie" in the defendant's pants pocket, reached into the pocket, and seized the item which contained cocaine. *Id.* at 1046–47. This court determined that the officer's continued search after the officer had dispelled his reasonable fear for his safety and the safety of others went beyond the scope of *Terry*, and that the subsequent intrusion into the defendant's pocket and seizure of the contraband was impermissible. *Id.* at 1047. *Compare United States v. Somers*, 950 F.2d 1279 (7th Cir.1991), *cert. denied* (police officer's seizure of contraband fell within the scope of *Terry* in which the officer felt bulges in the pockets of the defendant's jacket and determined that each was the

approximate size and texture of a small automatic weapon and only after emptying the defendant's pockets was it apparent that the bumps were packets of cocaine).

Furthermore, in *Drake v. State*, 655 N.E.2d 574 (Ind.Ct.App.1995), the police officer conducted a patdown search for weapons and sensed a hard piece of material in Drake's pocket. The officer told Drake to remove the item which was a large roll of money. While Drake was taking out the money, a plastic bag from the middle of the roll dropped to the ground. The officer retrieved the bag which contained cocaine. *Id.* at 575. This court determined that unlike the officers in *Dickerson, supra,* and *Matter of C.D.T., supra,* who seized contraband during a search *after* ascertaining the defendants possessed no weapons, this officer discovered the contraband during the course of his weapons search. *Id.* at 577. Therefore, the seizure was completed during a search within the scope of *Terry* and thus, was constitutional. *Id.*

In the case at bar, Officer Beroshok's seizure of the marijuana was similarly within the scope of *Terry*. At trial, Officer Beroshok testified that he conducted his patdown search to determine if Bratcher possessed any weapons. He stated:

> Uh, I patted him down for weapons. Uh, while patting him down on the outside of his clothing on the outside of his right front pants pocket I felt a soft plas.., soft item. Looked, felt like there was something was rolled up inside it. Uh, right away I figured it was a bag containing marijuana. I, uh, pulled it out from his right front pants pocket.

Record, p. 34. In contrast to *Dickerson* and *Matter of C.D.T.*, Officer Beroshok determined contemporaneously with his patdown search for weapons that the item in Bratcher's pocket was marijuana, rather than during a further search after he concluded Bratcher did not possess a weapon. Officer Beroshok's testimony indicates he determined the object was a bag of marijuana as soon as he touched it. Therefore, the State met its burden of proving that the incriminating character of the plastic bag was immediately apparent to Officer Beroshok. *See*

*Matter of C.D.T., supra,* at 1047. Because the officer discovered the bag of marijuana during a search for weapons and the incriminating character was immediately apparent to the officer, the search was authorized under *Terry* and, thus, seizure of the marijuana was valid under the United States Constitution. Accordingly, we conclude the trial court did not commit reversible error in admitting the marijuana into evidence.

Affirmed.

GARRARD and BARTEAU, JJ., concur.