# FOR PUBLICATION



ATTORNEYS FOR APPELLANTS:

**ERIC H. BURNS**
**REID D. MURTAUGH**
Withered Burns LLP
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE ADOPTION OF: ) | |
| P.A.H., f/k/a P.V., Minor Child, ) | |
| ) | |
| B.D. and L.H.C., ) | |
| ) | No. 79A02-1302-AD-183 |
| Appellants-Petitioners. ) | |
| ) | |
| J.H., ) | |
| ) | |
| Appellee-Cross-Petitioner. ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause Nos79C01-1201-AD-6

**July 30, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

B.D. and L.H.C., adoptive parents of P.H., appeal the grant of post-adoption visitation to P.H.'s biological uncle, J.H. They present four issues, which we consolidate and restate as whether the trial court erred when it granted J.H. visitation. We reverse.

## FACTS AND PROCEDURAL HISTORY

P.H. was born with drugs in her system on March 13, 2011, and placed in foster care with B.D. and L.H.C. J.H., P.H.'s uncle, learned of P.H.'s existence in July 2011. He appeared at a permanency hearing on November 30 and requested P.H. be placed with him. Following a contested hearing, the trial court ordered P.H.'s continued placement with B.D. and L.H.C., but it granted J.H. visitation one day per week.

The parental rights of P.H.'s biological parents were terminated. B.D. and L.H.C. filed a petition to adopt P.H., as did J.H., and those adoption petitions were consolidated into one cause.[1] After a hearing, the trial court granted adoption of P.H. to B.D. and L.H.C., and it granted visitation rights to J.H. The trial court ordered visitation with J.H. for four hours every two weeks, until P.H. reached three years of age. Thereafter, visitation was to increase to one thirty-hour period every four weeks.

## DISCUSSION AND DECISION

An order is void *ab initio* if the trial court lacks the authority to provide the relief ordered under any set of circumstances. *M.S. v. C.S.*, 938 N.E.2d 284 (Ind. Ct. App. 2010). The trial court lacked authority to grant post-adoption visitation rights to J.H., as he is not

---

[1] As J.H's petition was consolidated with that of B.D. and L.H.C., he presumably became a party to this litigation. The record reflects he was represented by counsel and notified of this appeal. However, he did not submit an appellee's brief.

2

within any statutory category of persons entitled to visitation rights.  *See* Ind. Code § 31-19-16-2 (birth parents of adopted children); Ind. Code § 31-19-16.5-1 (siblings); Ind. Code § 31-17-5-9 (grandparents); *and see* In re Guardianship of J.E.M., 870 N.E.2d 517, 519 (Ind. Ct. App. 2007) (noting one who has had a "custodial and parental relationship" with a child may later seek visitation with the child but our Supreme Court has expressed the opinion that the "custodial and parental relationship" right to visitation should extend only to stepparents). "A visitation award without a cognizable right to visitation constitutes an abuse of discretion." *Tinsley v. Plummer*, 519 N.E.2d 752, 754-755 (Ind. Ct. App. 1988) (great-aunt with limited pre-judicial intervention contact with minor did not met threshold requirement for award of visitation).

As the trial court lacked authority to grant post-adoption visitation rights to J.H., the portion of its order granting post-adoption visitation to J.H. is void *ab initio.*

Reversed.

BAKER, J., and MATHIAS, J., concur.