



FILED

Oct 06 2023, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 23S-JV-110

## T.D.,

*Appellant*

—v—

## State of Indiana,

*Appellee*

Argued: June 22, 2023 | Decided: October 6, 2023

Appeal from the Lake Superior Court
No. 45D06-2006-JD-288
The Honorable Jeffrey Miller, Magistrate

On Petition to Transfer from the Indiana Court of Appeals
No. 22A-JV-1016

**Opinion by Chief Justice Rush**

Justices Massa, Slaughter, Goff, and Molter concur.

**Rush, Chief Justice.**

Indiana has long been a pioneer in safeguarding a juvenile offender's constitutional rights. *See, e.g.*, Frank Sullivan, Jr., *Indiana as a Forerunner in the Juvenile Court Movement*, 30 Ind. L. Rev. 279 (1997); Frank Sullivan, Jr., *Selected Developments in Indiana Juvenile Justice Law (1993–2012)*, 48 Ind. L. Rev. 1541, 1547–56 (2015). In 1903, our state became one of the first in the nation to establish juvenile courts and the first to guarantee the right to a jury trial to children. Decades later, the U.S. Supreme Court issued a series of decisions guaranteeing constitutional rights to children in juvenile proceedings. This Court, however, provided even greater protections by requiring courts to advise children of their rights at each stage of the juvenile proceedings along with the opportunity to consult with their attorney, parent, or guardian before waiving those rights. Shortly thereafter, the Legislature adopted these heightened protections in our first juvenile-waiver statute. Today, this statute continues to provide the procedural framework trial courts must comply with before accepting a juvenile's waiver.

Here, both parties agree the trial court failed to comply with the juvenile-waiver statute before accepting a juvenile's delinquency admission, but they disagree on the effect of that error. We first hold that the court's error did not render the judgment void, and thus, the juvenile is not entitled to relief under Trial Rule 60(B)(6). But we then hold that the juvenile is entitled to relief under Trial Rule 60(B)(8). He demonstrated that the court failed to comply with the juvenile-waiver statute before accepting his admission, and the State did not present any evidence establishing that his waiver was nevertheless valid under the statute. As a result, we reverse.

## Facts and Procedural History

In June 2020, fifteen-year-old T.D. was detained in the Lake County Juvenile Detention Center after he stole a vehicle and money. The State subsequently filed a delinquency petition, alleging that T.D. committed auto theft and theft. That same day, appointed counsel filed a motion

seeking T.D.'s release from detention, stating that T.D. "viewed the video on his rights and that he has no questions regarding his rights." It also stated that counsel informed T.D.'s mother ("Mother") of her son's rights and that she had no questions about them. The court denied the motion and set a virtual initial hearing. Although Mother was unable to attend that hearing, T.D. was present and denied the allegations.

T.D. and Mother were both at the next hearing, on July 9, when T.D.'s counsel informed the trial court that the parties had reached an agreement by which T.D. would admit to the auto-theft charge and the State would dismiss the theft charge. The court, without informing T.D. of his constitutional rights or confirming that he waived those rights, asked T.D. and Mother whether they agreed with the resolution. Mother said that "[i]t's up to him," but the court told her that she had "to be in agreement" since T.D. was a minor. After Mother agreed, T.D. admitted to committing auto theft, prompting the court to grant the delinquency petition on that count. The court then dismissed the theft count, the parties proceeded to argue disposition, and the court took T.D.'s placement under advisement.

In an order issued later that day, the trial court accepted T.D.'s admission and found that he and Mother understood "the admission waives those rights explained in the video." The court subsequently issued a dispositional order placing T.D. under the wardship of the Department of Correction.

Fourteen months later, T.D. filed a motion for relief from judgment under Trial Rules 60(B)(6) and 60(B)(8), asserting the adjudication should be set aside because his admission was not knowing, intelligent, or voluntary. Specifically, T.D. noted that he and Mother were not "informed of a single right on the record." In response, the State argued that T.D. and Mother were previously advised of and understood T.D.'s rights and also asserted that the waiver was valid because it was the court's practice "that each child, including those detained, views an advisement of rights video before they are brought into the courtroom for a hearing." Thus, the State maintained T.D. "would have viewed that" video before the admission hearing.

The trial court held a hearing on T.D.'s motion where counsel submitted the transcript of the July 9 hearing and reiterated that T.D. "entered into his admission agreement . . . without being given his rights the day of his admission which is explicitly disallowed." Though the State did not enter any evidence or question T.D., it asserted that the record revealed he "was, in fact, advised of his rights." Agreeing with the State, the trial court issued an order denying the motion. The court reasoned that T.D. was "represented by counsel" at all hearings and "presented with a video that goes over his rights several times before each court hearing," ultimately concluding his "admission was voluntary and knowingly given with the adequate assistance of counsel." T.D. appealed.

A divided panel of our Court of Appeals reversed, finding the court's judgment void under Trial Rule 60(B)(6). *T.D. v. State*, 198 N.E.3d 1197, 1202–03 (Ind. Ct. App. 2022). The majority reasoned that "a trial court's failure to follow the juvenile waiver statute is not a procedural error." *Id.* at 1202. Judge Bailey dissented, believing the court's error rendered the judgment voidable. *Id.* at 1203, 1205 (Bailey, J., dissenting). And, in his view, T.D. was not entitled to relief under Trial Rule 60(B)(8) because he failed to allege a meritorious defense. *Id.* at 1205 n.7.

T.D. petitioned for transfer, which we granted, vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Because T.D. seeks relief from judgment under Trial Rules 60(B)(6) and 60(B)(8), this case implicates two standards of review. When a judgment is void under Rule 60(B)(6), the trial court has no discretion to enforce it, and thus, we review the court's decision de novo. *M.H. v. State*, 207 N.E.3d 412, 416 (Ind. 2023). But under Rule 60(B)(8)'s catchall provision, whether relief is warranted "is left to the equitable discretion of the trial court," and thus, we review the court's decision for an abuse of that discretion. *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016). A trial court abuses its discretion if it misinterprets the law or if its decision clearly contravenes

the logic and effect of the facts and circumstances before it. *See, e.g., Smith v. Franklin Twp. Cmty. Sch. Corp.*, 151 N.E.3d 271, 273 (Ind. 2020).

# Discussion and Decision

When children admit to delinquency allegations in lieu of proceeding to fact-finding, they give up several constitutional and statutory rights associated with trial. Though the same is true for adults who plead guilty, "admissions and confessions by juveniles require special caution." *Wehner v. State*, 684 N.E.2d 539, 541 (Ind. Ct. App. 1997). And so, to ensure a child knowingly and voluntarily waives their rights before entering an admission, our Legislature has codified safeguards that require strict compliance. *Hickman v. State*, 654 N.E.2d 278, 281 (Ind. Ct. App. 1995).

The Legislature first codified these safeguards in 1978 when it enacted a new juvenile code with an express purpose of providing "a judicial procedure that insures fair hearings and recognizes and enforces the constitutional and other legal rights of children and their parents." Pub. L. No. 136, § 1, 1978 Ind. Acts 1196, 1197. To that end, the juvenile code established a framework that provided two ways for children to waive the rights conferred on them through state or federal law; both required adult participation, and both required the child to "knowingly and voluntarily join[] with the waiver on the record." *Id.* at 1232. Despite a few amendments to the statute since, its overarching limitations and requirements remain in force today.

Indeed, the statute explains that the rights conferred on children through state or federal law can be waived in only three ways: (1) by counsel if the juvenile knowingly and voluntarily joins the waiver; (2) by the juvenile's custodial parent, guardian, custodian, or guardian ad litem if that individual knowingly and voluntarily waives the rights, they have no adverse interests to the juvenile, they engaged in meaningful consultation with the juvenile, and the juvenile knowingly and voluntarily joins the waiver; or (3) by the juvenile if they are emancipated and knowingly and voluntarily consent to the waiver. Ind. Code § 31-32-5-1 ("Juvenile Waiver Statute"). By permitting a court to find waiver in only

these limited circumstances, "the statute affords juveniles with greater rights than the Constitution requires." *R.R. v. State*, 106 N.E.3d 1037, 1043 (Ind. 2018). Accordingly, our trial courts must take particular care to ensure a valid waiver of rights before accepting a juvenile's admission. *See Bryant v. State*, 802 N.E.2d 486, 493 (Ind. Ct. App. 2004), *trans. denied*.

When, as here, the court fails to confirm or secure a waiver as required by the Juvenile Waiver Statute, Trial Rule 60(B) is the appropriate avenue for a juvenile to challenge their agreed delinquency adjudication. *J.W. v. State*, 113 N.E.3d 1202, 1207–08 (Ind. 2019). And, under this rule, the burden is on the juvenile to establish grounds for relief. *G.B. v. State*, 715 N.E.2d 951, 953 (Ind. Ct. App. 1999). T.D. sought relief under Rules 60(B)(6) and 60(B)(8). While the former permits relief when a court's "judgment is void," Ind. Trial Rule 60(B)(6), the latter permits relief for "any reason" other than those set forth in other subsections that are not relevant here, T.R. 60(B)(8). Additionally, Rule 60(B)(8) requires the party to file their motion "within a reasonable time" and "allege a meritorious claim or defense." *Id.* T.D. and the State do not dispute that the court erred by failing to comply with the Juvenile Waiver Statute; they disagree on the effect of that error.

We first hold that T.D. is not entitled to relief under Rule 60(B)(6) because a violation of the Juvenile Waiver Statute renders a judgment entering an agreed delinquency adjudication voidable rather than void. Accordingly, when the statute is violated, Rule 60(B)(8) is the proper vehicle for a juvenile to collaterally attack their adjudication. We then hold that T.D. is entitled to relief under Rule 60(B)(8). The State concedes T.D.'s motion was timely, and we conclude he demonstrated a meritorious claim by showing that the trial court did not follow the Juvenile Waiver Statute's heightened protections. Because the State has failed to establish that T.D.'s waiver was nevertheless valid under the statute before the court accepted his admission, the trial court abused its discretion in denying T.D.'s motion for relief from judgment.

# I. T.D. is not entitled to relief under Trial Rule 60(B)(6).

Trial Rule 60(B)(6) allows a party to move for relief at any time if "the judgment is void." T.R. 60(B)(6); *see also Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*. So, to be entitled to relief, the party must establish that the judgment is void, not voidable. *Koonce v. Finney*, 68 N.E.3d 1086, 1090 (Ind. Ct. App. 2017), *trans. denied*. The distinction between these two terms is "no mere semantic quibble." *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind. 1998). While a void judgment "is a complete nullity" without legal effect from its inception, *id.* (quoting 46 Am. Jur. 2d *Judgments* § 31 (1994)), a voidable judgment "is capable of confirmation or ratification," making it subject to ordinary appellate or other direct procedures to correct it, *id.* (quoting 46 Am. Jur. 2d *Judgments* § 30 (1994)).

The State asserts that because the trial court had both personal and subject matter jurisdiction, T.D.'s agreed delinquency adjudication "cannot be considered void." T.D. concedes that the court had both personal and subject matter jurisdiction, but he argues the judgment is void because the court lacked authority to find him delinquent without first securing a valid waiver of his rights. We partially agree with both parties. A judgment is void when the issuing court lacks personal jurisdiction, subject matter jurisdiction, or the authority to render the judgment. But a court's failure to comply with the Juvenile Waiver Statute falls outside of that scope because, despite the statutory violation, the court still has the authority to adjudicate the juvenile as a delinquent.

## A. Void judgments are those issued by a court that lacks personal jurisdiction, subject matter jurisdiction, or the authority to render the judgment.

It is well-settled that judgments rendered by a court lacking either personal or subject matter jurisdiction are void, *see, e.g., Stidham*, 698 N.E.2d at 1154; *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)—so well-settled in fact that we have previously held a judgment is void **only** if the

court lacks personal or subject matter jurisdiction, *see K.S. v. State*, 849 N.E.2d 538, 541-42 (Ind. 2006); *Packard v. Shoopman*, 852 N.E.2d 927, 931–32 (Ind. 2006). We explained that any other error in a judgment is "legal error," rendering the judgment voidable. *See Packard*, 852 N.E.2d at 929–30; *K.S.*, 849 N.E.2d at 542. But since those pronouncements, our appellate courts have held, on multiple occasions, that a judgment is also void if the issuing court lacked the authority to render the judgment.

For example, a judgment is void if it grants rights or relief to a party that the court is not legally authorized to provide. *In re Guardianship of A.J.A.*, 991 N.E.2d 110, 115 (Ind. 2013); *Mosley v. State*, 171, N.E.3d 1031, 1034 (Ind. Ct. App. 2021); *In re Adoption of P.A.H.*, 992 N.E.2d 774, 775–76 (Ind. Ct. App. 2013); *M.S. v. C.S.*, 938 N.E.2d 278, 284 (Ind. Ct. App. 2010). Similarly, a judgment is void if it grants rights or relief to a party that does not have standing to pursue the action. *In re Paternity of S.A.M.*, 85 N.E.3d 879, 889 (Ind. Ct. App. 2017); *In re I.E.*, 997 N.E.2d 358, 366 (Ind. Ct. App. 2013), *trans. denied*; *Kitchen v. Kitchen*, 953 N.E.2d 646, 651 (Ind. Ct. App. 2011). Or, as we recently held, a judgment is void if it interferes with issues pending on appeal. *Conroad Assocs., L.P. v. Castleton Corner Owners Ass'n*, 205 N.E.3d 1001, 1004–05 (Ind. 2023). In each of these circumstances, the trial court lacked the authority to render the judgment from the outset—a hallmark of a void judgment and akin to a jurisdictional defect rather than a legal error. *See* 46 Am. Jur. 2d *Judgments* § 25 (2023) ("A 'void judgment' is one that has a defect apparent on its face.")

Accordingly, we clarify that a trial court's judgment is void if the court lacks personal jurisdiction, subject matter jurisdiction, or the authority to render the judgment. That said, we construe "authority" narrowly to distinguish void errors from voidable legal or procedural errors. *See K.S.*, 849 N.E.2d at 541. There is a distinct difference between a judgment that the law does not authorize under any circumstances (a void judgment), and a judgment authorized by law but derived in violation of law (a voidable judgment). In the latter scenario, the trial court still has the requisite authority to act, and thus, the error is a procedural irregularity that can be cured. *See* 46 Am. Jur. 2d *Judgments* § 15 (2023) ("The fact that a [trial] court acts in violation of a statute does not mean that the resulting

judgment is void.") Mindful of these principles, we now consider whether a trial court's failure to comply with the Juvenile Waiver Statute renders an agreed delinquency adjudication void or voidable.

## B. A trial court's failure to comply with the Juvenile Waiver Statute renders an agreed delinquency adjudication voidable.

As explained above, since 1978, the Juvenile Waiver Statute has provided a framework by which juveniles, their lawyers, and their parents can give up "[a]ny rights guaranteed to a child" under the Federal Constitution, the Indiana Constitution, "or any other law." I.C. § 31-32-5-1. Since the rights associated with fact-finding fall within this broad category, trial courts are required to comply with the statute by either confirming or securing waiver during the hearing at which the court obtains the juvenile's admission. Such compliance not only adheres with our Legislature's decision to provide "special protections for juveniles," *B.A. v. State*, 100 N.E.3d 225, 231 (Ind. 2018), but it also comports with the requirements for advisements in the adult context before a court accepts a defendant's guilty plea, *Ponce v. State*, 9 N.E.3d 1265, 1270 (Ind. 2014); I.C. § 35-35-1-2(a).

Given the special caution afforded to juvenile admissions, a trial court's failure to comply with the Juvenile Waiver Statute is particularly alarming. But that failure does not mean the court lacks the legal authority under any set of circumstances to adjudicate a juvenile as a delinquent. Indeed, nothing in the juvenile code prohibits a court from entering judgment on an agreed delinquency adjudication despite an invalid waiver of rights. Thus, violations of the Juvenile Waiver Statute do not render a subsequent delinquency adjudication void; they render it voidable because the error can be cured if challenged.

As a result, Trial Rule 60(B)(8) is the proper vehicle for juveniles to collaterally attack an adjudication based on an invalid waiver of rights.[1] *See G.B.*, 715 N.E.2d at 954. When relief is granted under this rule, the juvenile will have an opportunity to reevaluate whether to admit to the allegations raised in the delinquency petition or to proceed to fact-finding. Because the trial court's judgment here was voidable, the court did not err in denying T.D.'s motion for relief under Trial Rule 60(B)(6). We next consider whether the court erred in denying T.D.'s motion under Rule 60(B)(8).

## II. T.D. is entitled to relief under Trial Rule 60(B)(8).

Trial Rule 60(B)(8) permits a party to obtain relief from judgment for "any reason" other than those set forth in other subsections of the rule that are not relevant here. T.R. 60(B)(8). To be entitled to relief under this rule, the movant must file their motion "within a reasonable time" and "allege a meritorious claim or defense." *Id.* Additionally, our precedent requires the moving party to "demonstrate some extraordinary or exceptional circumstances justifying equitable relief." *Collier*, 61 N.E.3d at 268 (collecting cases). Having abandoned any challenge to the timeliness of T.D.'s motion, the State asserts that T.D. is not entitled to relief because he has failed to show either a meritorious claim or exceptional circumstances. We disagree.

Alleging a meritorious claim or defense "requires a prima facie showing . . . that will prevail until contradicted and overcome by other evidence." *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006) (quotation omitted). In this context, the proper "analysis begins and ends with the juvenile-waiver statute, which governs 'any rights' guaranteed to a juvenile." *R.R.*, 106 N.E.3d at 1042. Thus, a juvenile

---

[1] We disapprove of other opinions reaching a contrary conclusion. *See A.S. v. State*, 923 N.E.2d 486 (Ind. Ct. App. 2010).

collaterally attacking an agreed delinquency adjudication must make a prima facie showing that the court failed to either secure or confirm waiver in one of the three ways required by the statute before accepting the juvenile's admission.

For unemancipated juveniles like T.D., assessing the waiver's validity potentially requires two separate analyses: (1) whether counsel waived the juvenile's rights and the juvenile knowingly and voluntarily joined that waiver; or (2) whether the juvenile's parent, guardian, custodian, or guardian ad litem knowingly and voluntarily waived the juvenile's rights, has no interest adverse to the juvenile, took part in meaningful consultation with the juvenile, and the juvenile knowingly and voluntarily joined that waiver. I.C. § 31-32-5-1(1), (2). Under the second inquiry, when the juvenile's custodial parent is present at the admission hearing, the court "must inquire of the juvenile and his parent[] . . . to insure that the waiver is voluntarily, knowingly, and intelligently given." *Bridges v. State*, 260 Ind. 651, 299 N.E.2d 616, 618 (1973); *see also R.W. v. State*, 901 N.E.2d 539, 545 & n.2 (Ind. Ct. App. 2009); *D.H. v. State*, 688 N.E.2d 221, 224 (Ind. Ct. App. 1997); *cf. Ponce*, 9 N.E.3d at 1270 (holding that a post-conviction defendant has met their threshold burden for relief by demonstrating that the trial court failed to give the requisite advisements during the guilty plea hearing).

In short, if a juvenile makes a prima facie showing in proceedings on a motion for relief from judgment that the court failed to comply with the Juvenile Waiver Statute's requirements, the juvenile has established a meritorious claim that amounts to exceptional circumstances justifying relief. *See Stewart v. State*, 754 N.E.2d 492, 494–95 (Ind. 2001). Upon such a showing, the burden shifts to the State to produce evidence establishing that, before the court accepted the juvenile's admission, the waiver was nevertheless valid under the statute.

Here, T.D. made the requisite prima facie showing. He sought relief in his motion based on the court's failure to comply with the statute before accepting his admission. Then, at the subsequent hearing, T.D.'s counsel submitted the transcript from the admission hearing. The transcript shows the trial court failed to ascertain on the date of T.D.'s admission that (1)

counsel waived T.D.'s rights and T.D. knowingly and voluntarily joined that waiver, or (2) Mother knowingly and voluntarily waived T.D.'s rights and T.D. knowingly and voluntarily joined that waiver. In fact, the record is devoid of evidence that the court mentioned any of T.D.'s rights during any hearing, including the initial hearing at which Indiana law requires the court to "inform the child" of certain rights. *See* I.C. § 31-37-12-5(2). Additionally, the State did not present any evidence during the hearing on T.D.'s motion for relief, and it did not question T.D. to learn whether, before entering his admission, he waived his rights.

Yet, the State maintains that the waiver was nevertheless valid under the Juvenile Waiver Statute because T.D. and Mother watched a video advisement before each hearing that explained his rights. We acknowledge T.D.'s counsel confirmed that, before the detention hearing, T.D. was advised of his rights by video and counsel informed Mother of T.D.'s rights. But that hearing took place three weeks before the hearing at which T.D. entered his admission. Additionally, such outside-the-courtroom video advisements alone are insufficient to comply with the Juvenile Waiver Statute—the court must also personally question the juvenile and his parent, if present, on the record as to whether both understand and voluntarily waive the juvenile's rights. *N.M. v. State*, 791 N.E.2d 802, 806–07 (Ind. Ct. App. 2003); *Bridges*, 299 N.E.2d at 618. That did not happen here. Finally, we acknowledge, as the trial court pointed out, that T.D. was represented by counsel "at every stage of the juvenile proceedings." But, under the statute, simply being represented by counsel does not establish that T.D. knowingly and voluntarily waived each of the rights conferred on him through state or federal law. *See D.D.B. v. State*, 691 N.E.2d 486, 487 (Ind. Ct. App. 1998).

To summarize, T.D. met his burden for relief under Trial Rule 60(B)(8) by making a prima facie showing that the trial court failed to comply with the Juvenile Waiver Statute before accepting his admission. And the State did not present any evidence establishing that T.D.'s waiver was nevertheless valid under the statute. As a result, the trial court abused its discretion by denying his motion for relief from judgment.

# Conclusion

For these reasons, we reverse the trial court's judgment and remand with instructions to hold a hearing during which T.D. either admits to the allegations raised in the delinquency petition after the court complies with the Juvenile Waiver Statute or proceeds to fact-finding.

Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Amy E. Karozos
Public Defender of Indiana

Mark S. Koselke
Katherine Province
Deputy Public Defenders
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Angela Sanchez
Chief Counsel for Appeals

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana