Donald Eugene LEVIN, Appellant
(Respondent Below),

v.

Barbara Joan LEVIN (Lahnen),
Appellee (Petitioner Below).

55S01–9412–CV–1285.

Supreme Court of Indiana.

Dec. 30, 1994.

---

James C. Spencer, Indianapolis, for appellant.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellee.

SHEPARD, Chief Justice.

This case presents a question of first impression brought on by advancing reproductive technology: whether a husband who consents to the heterologous artificial insemination of his wife is the legal father of the resulting child.

We find that the appellant here is the legal father of the child and is, accordingly, responsible for the child's support. Therefore, we grant transfer and affirm.

*I.  Summary of Facts*

The facts most favorable to the judgment reveal that Donald Levin and Barbara Levin Lahnen were married in 1970. Because Donald was sterile, the couple decided Barbara should be inseminated artificially. In 1977, they consulted with an Indianapolis physician and both agreed to go forward with Barbara's artificial insemination. The procedure was successful. Barbara became pregnant and gave birth on September 17. Barbara and Donald were listed as the parents of the child on the birth certificate.

Donald supported the child and held him out as his own from 1977 to 1987. The couple ultimately divorced in October 1987. The divorce decree included the child as a child of the marriage and required Donald to pay child support. Thereafter, Donald terminated his personal relationship with the child, but continued to pay support.

In June 1992, Donald filed a motion for relief from judgment under Ind.Trial Rule 60(B), requesting that the trial court vacate its child support order because the child was not his biological son.[1] Shortly thereafter, Barbara filed a motion to increase his support obligation. The court denied Donald's motion. It later granted Barbara's request for increased child support.

Donald appealed, and the Court of Appeals affirmed the decision of the trial court. *Levin v. Levin* (1993), 626 N.E.2d 527. Subsequently, Donald filed his petition for transfer to this Court.

Donald presents four issues on appeal which we consolidate as follows:

(1) Whether he, as a nonbiological father of a child conceived through artificial insemination, is obligated to pay child support.

(2) Whether his child, conceived through artificial insemination, is a "child of the marriage" under the Dissolution of Marriage Act.

We affirm the decision of the trial court by holding that Donald is legally responsible for

1.  Initially, Donald did not specify upon which provision of T.R. 60(B) he based his motion for relief. On appeal, however, he argues his motion was based on T.R. 60(B)(8).

the child and that the child is a "child of the marriage."

## II. Is Donald Responsible for the Support of the Child?

■■■ Donald alleges he was entitled to relief from his child support obligation under Trial Rule 60(B)(8) because he is not the biological father of the child. That section of the rule provides for relief for reasons other than mistake, surprise, neglect, fraud, default without notice or grounds that could be rectified with a motion to correct error.[2] The decision of whether to grant or deny such a motion is left to the equitable discretion of the trial court. *Shotwell v. Cliff Hagan Ribeye Franchise* (1991), Ind., 572 N.E.2d 487. The burden is on the movant to demonstrate that relief is both necessary and just. *Soft Water Util., Inc. v. LeFevre* (1973), 261 Ind. 260, 267, 301 N.E.2d 745. A trial court's grant or denial of relief of a party's motion premised on Trial Rule 60(B)(8) is reviewable only for abuse of discretion. *Am. Fletcher Nat. Bank v. Pavilion, Inc.* (1983), Ind., 453 N.E.2d 156. We will not reweigh the evidence in conducting this review. *Shotwell*, 572 N.E.2d at 489.

■■■ Any claim filed under Trial Rule 60(B)(8) must be made within a reasonable period of time after the judgment is entered. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597. The determination of what constitutes a reasonable time varies with the circumstances of each case. *See, e.g., Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800. Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *In re Whitney–Forbes, Inc.* (7th Cir.1985), 770 F.2d 692.

■■■ The trial court did not abuse its discretion in finding Donald's Trial Rule 60(B)(8) claim was time-barred. Donald waited five years from the dissolution of his marriage to contest his support obligation. This is not a reasonable period of time as contemplated under the Rule, as there is no justifiable reason for his delay.

Donald contends that he was not represented by counsel and was thus unaware of his legal rights. That contention is more appropriately characterized as one under Trial Rule 60(B)(1) as one for mistake, surprise or excusable neglect. *Cf. Summit Account and Computer Service v. Hogge* (1993), Ind. App., 608 N.E.2d 1003. He would have been barred, however, by the one-year time limit under this subdivision of the rule. Donald cannot now attempt to circumvent the time limitation of Trial Rule 60(B)(1) by attempting to rely on Trial Rule 60(B)(8). *Id.; see also Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165. The excuse that he was unaware of his legal options is insufficient to justify the length of this delay. It was proper to deny him relief on these grounds.

■■■ The Court of Appeals also correctly found Donald equitably estopped from denying his child support obligation. *Levin*, 626 N.E.2d at 530. The doctrine of estoppel springs from equitable principles, and it is designed to aid in the administration of justice where, without its aid, injustice might result. *First Nat. Bank of Logansport v. Logan Mfg. Co., Inc.* (1991), Ind., 577 N.E.2d 949. Our use of this doctrine is not limited to circumstances involving an actual or false representation or concealment of an existing material fact. *Paramo v. Edwards* (1990), Ind., 563 N.E.2d 595. Rather, equitable estoppel is an remedy available if one party through his course of conduct knowingly misleads or induces another party to believe and act upon his conduct in good faith without knowledge of the facts. *Id.* at 598.

The trial court found that Donald induced Barbara to go forward with the artificial insemination. He consented both orally and in writing to the procedure. This consent constituted Donald's promise to become the father of the resulting child and to assume his support. Moreover, Donald held the child out as his own for fifteen years. He made no objection to declaring the child a

---

**2.** T.R. 60(B)(8) provides:
On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order or final judgement ... for ... any reason justifying relief from the operation of the judgement, other than those reasons set forth in subparagraphs (1), (2), (3) and (4).

child of the marriage in the dissolution decree in 1987. Barbara relied in good faith upon Donald's actions and consequently bore a child for which she believed both she and Donald would be responsible. Accordingly, Donald is now estopped from denying his obligations toward this child.[3] To hold otherwise would be unjust.

### III. Is the Child a Child of the Marriage Under the Dissolution Act?

■ Finally, Donald argues that he is not responsible for child support because the child is not a child of the marriage under the Dissolution of Marriage Act. Ind.Code Ann. ch. 31–1–11.5–1 (West 1979 & 1994). We disagree.

"Child" is defined under the Act as "a child or children of both parties to the marriage and includes children born out of wedlock to the parties as well as children born or adopted during the marriage of the parties." Ind.Code Ann. § 31–1–11.5–2(c). A child conceived through artificial insemination, with the consent of both parties, is correctly classified as a child of the marriage. The Court of Appeals accurately analogized this situation to a child adopted during the marriage by the agreement of the husband and wife. *Levin,* 626 N.E.2d at 532. We thus hold that, as in the case of adoption, where both the husband and wife knowingly and voluntarily consent to artificial insemination, the resulting child is a child of their marriage.

Both Donald and Barbara were fully informed and consented to Barbara's artificial insemination. The resulting child is a child of their marriage under the Dissolution of Marriage Act. Accordingly, *both* parents have an obligation to support the child.

### IV. Conclusion

We summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule

11(B)(3). The judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.

---

**3.** Relying on *Fairrow,* Donald asserts that clear evidence of his nonpaternity absolved him of any obligation to pay support. *Fairrow,* 559 N.E.2d at 600. His reliance on this case is misplaced. We reached our holding in *Fairrow* based on the fact that the father acted in a timely manner once he discovered the child was not biologically his own. Furthermore, the father had no reason to believe the child was not his own prior to his discovery. As we stated then, this holding was not intended to create a "new tactical nuclear weapon for divorce combatants." *Id.*