v.

STATE of Indiana, Appellee.

No. 49A02–9704–JV–257.

Court of Appeals of Indiana.

Feb. 11, 1998.

Elizabeth A. Gamboa, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, D.D.B., appeals his adjudication as a delinquent child. The court concluded that he had committed Theft,[1] a Class D felony if committed by an adult.

We reverse and remand for a new trial.

Three issues are presented upon appeal, which we restate as follows:

(1) Whether D.D.B.'s constitutional right to testify in his own behalf was waived following a meaningful consultation with his guardian ad litem.

(2) Whether counsel for D.D.B. was ineffective by failing to interview potentially exculpatory witnesses.

(3) Whether sufficient evidence supports the delinquency adjudication.

On September 20, 1996, Derrick Lyell (Lyell), a student at North Central High School in Indianapolis, observed D.D.B. pick up a backpack belonging to another student, Sara Berghoff, and walk upstairs. The backpack contained various personal items, including a Spanish/English translator. Lyell reported the incident to Deputy Coraz. Subsequently, Coraz apprehended D.D.B. and

---

1. I.C. 35–43–4–2 (Burns Code Ed. Repl.1994).

found him to be in possession of the Spanish/English translator. D.D.B. was arrested and transported to juvenile detention.

 During the evidentiary hearing upon the merits, D.D.B.'s attorney called on the youth to testify in his own defense. However, the guardian ad litem appointed for D.D.B. concluded that it was not in the child's best interest to participate, and thereby refused to allow him to testify. The record contains no indication that D.D.B. and the guardian ad litem discussed this decision.

■ Because D.D.B. did not effectively waive his constitutional right to testify in his own behalf,[2] he must be afforded a new fact finding hearing. I.C. 31–6–7–3, *repealed by* P.L. 1–1997, § 157, and its successor provision,[3] protects juveniles by requiring a meaningful consultation between a child and a specified individual before the child's constitutional rights may be waived. *Hickman v. State* (1995) Ind.App., 654 N.E.2d 278, 281. This condition is fulfilled upon " 'actual consultation of a meaningful nature or by the express opportunity for such consultation, which is then forsaken in the presence of the proper authority by the juvenile, so long as the juvenile knowingly and voluntarily waives his constitutional rights.' " *Id.* (quoting *Foster v. State* (1994) Ind.App., 633 N.E.2d 337, 347, *trans. denied* ). The State bears the burden to demonstrate compliance with this standard. *Id.*

■ We note that waiver of one of the child's constitutional rights does not constitute waiver of all of the child's constitutional rights. The provisions of I.C. 31–6–7–3 must be observed with respect to each individual constitutional right.

In the present case, no meaningful consultation occurred between D.D.B. and the guardian ad litem with regard to the decision to testify. In fact, no conversation occurred at all.

Because we find this issue to be dispositive, we expressly decline to address D.D.B.'s contention concerning ineffective counsel.

However, should the State wish to refile a petition against D.D.B.,[4] we conclude that it is not so precluded because sufficient evidence supports the delinquency determination. A witness watched as D.D.B. took the backpack, and items contained therein were later found on his person.

The judgment of the trial court is reversed and remanded for further proceedings.

FRIEDLANDER and KIRSCH, JJ., concur.

---

2. The Sixth and Fourteenth Amendments of the United States Constitution afford a juvenile the right to testify in his own behalf. *In re Pigg* (1969) 253 Ind. 329, 253 N.E.2d 266, 267.

3. For present provision, *see* I.C. 31–32–5–1 (Burns Code Ed. Repl.1997).

4. It appears from the record that D.D.B. will not reach his eighteenth birthday until May, 1998. *See* I.C. 31–37–19–6. (Burns Code Ed. Repl. 1997).