715 N.E.2d 951 (1999)
In the Matter of G.B., a Child Alleged to be Delinquent, Appellant-Petitioner,
v.
STATE of Indiana, Appellee-Respondent.
No. 45A03-9810-JV-436.
Court of Appeals of Indiana.
August 31, 1999.
*952 Susan K. Carpenter, Public Defender of Indiana, John S. Sommer, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.
Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
BAILEY, Judge

Case Summary
Appellant-Petitioner G.B. appeals the trial court's Order which denied her Indiana Trial Rule 60(B) motion for relief from her initial adjudication as a delinquent, and subsequent parole violation. We affirm in part and reverse in part.

Issue
G.B. raises three issues on appeal which we consolidate and restate as one: Whether the trial court abused its discretion when it denied G.B.'s T.R. 60(B) motion as untimely.

Facts
On August 20, 1996, G.B. admitted to allegations of Battery on a Law Enforcement Officer and Disorderly Conduct. (R. 88-89). However, the Magistrate for the juvenile court misstated G.B.'s second charged offense as Resisting Law Enforcement, rather than Disorderly Conduct. (R. 89).
Count II of the petition reads as follows:... [G.B.] did knowingly and intentionally engage in tumultuous conduct by attempting to strike other persons with a chair while in the Cedar Lake Police Department. That's in violation of Indiana Code 35-45-1-3(1) [cite for Disorderly Conduct], that would be Resisting Law Enforcement, a class B Misdemeanor if you're an adult. Do you admit or deny doing that?
[G.B.]: I admit.
(R. 88-89) (emphasis added). The juvenile court accepted G.B.'s admission and adjudicated her delinquent on September 9, 1996. (R. 90, 62). G.B. was placed on probation on November 4, 1996. (R. 53).
Following an alleged violation of probation, a modification hearing was held on May 15, 1997, at which G.B. and her mother signed a waiver of G.B.'s right to counsel. (R. 48, 121). Prior to G.B. signing the waiver of her right to counsel, the following exchange took place:
[G.B.]: I want a lawyer or a public defender.
[Juvenile Court]: Your mom just waived your rights to an attorney, sign the papers.
(R. 121). Thereafter, the modification hearing continued and G.B. admitted to violating her probation. (R. 46, 122). G.B. was adjudicated a child in need of services, and ordered committed to the Department of Correction until she reached the age of eighteen. (R. 46-47, 125).
On March 18, 1998, G.B. filed a T.R. 60 motion for relief from judgment, in which she argued in part as follows; that the juvenile court mistakenly adjudicated G.B. on the charge of Resisting Law Enforcement, and that she was denied her statutory and constitutional right to counsel at her modification hearing. (R. 27-30). G.B. moved to expunge her juvenile record on September 1, 1998. (R. 21-25). On September 15, 1998, the juvenile court denied G.B. relief, ruling as follows:
Court having taken this matter under advisement, [G.B.'s] motion for Relief of Judgment pursuant to Indiana Rule 60(B)(8) is denied as being untimely filed. Motion was filed after one year from date that judgment was entered. Motion to expunge is also denied.
(R. 13). This appeal ensued.

Discussion and Decision

Standard of Review
The grant or denial of a motion for relief from judgment is left to the equitable discretion of the trial court. We will reverse only for abuse of that discretion. Mercantile National Bank of Indiana v. Teamsters Union Local # 142 Pension Fund, 668 N.E.2d *953 1269, 1271 (Ind.Ct.App.1996). An abuse of discretion occurs when the trial court's denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. Showalter v. Brubaker, 650 N.E.2d 693 (Ind.Ct.App.1995). On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just. Levin v. Levin, 645 N.E.2d 601, 604 (Ind.1994).

Mistake at Modification Hearing T.R. 60(B)(1)
G.B. contends that the juvenile court mistakenly adjudicated her of Resisting Law Enforcement, rather than Disorderly Conduct. The record reflects that the juvenile court correctly stated the elements of, and Indiana Code cite for, Disorderly Conduct  but misstated such offense as Resisting Law Enforcement.[1]
Based upon this mistake, G.B. claims that the juvenile court should have granted her relief from the adjudication pursuant to T.R. 60(B)(1). Trial Rule 60(B)(1) reads in pertinent part as follows:

Rule 60. Relief from judgment or order
(B) Mistake-Excusable neglect-Newly discovered evidence-Fraud, etc.
On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
(1) mistake, surprise, or excusable neglect...
The motion shall be filed ... not more than one year after judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.
Consequently, G.B. was required to file her "mistake" claim within one year of the juvenile court's September 9, 1996 adjudication. G.B.'s 60(B) motion was not filed until March 18, 1998. (R. 27). Accordingly, G.B. failed to timely file her 60(B)(1) "mistake" claim.

Waiver of CounselT.R. 60(B)(8)
G.B. further contends that she was denied her right to counsel at the modification hearing held by the juvenile court on May 15, 1997. (Brief of Appellant at 5-7). The State argues that G.B.'s T.R. 60(B)(8) Motion was not timely filed, thereby precluding the juvenile court from considering the merits of G.B.'s "right to counsel" contention.
Indiana Trial Rule 60(B)(8) provides in pertinent part as follows:

Rule 60. Relief from judgment or order
(B) Mistake-Excusable neglect-Newly discovered evidence-Fraud, etc.
On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8) ... A movant filing a motion for reasons (1), (2), (3), (4) and (8) must allege a meritorious claim or defense.
(Emphasis added). The determination of what constitutes a reasonable time varies with the circumstances of each case. Levin v. Levin, 645 N.E.2d 601, 604 (Ind.1994). Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. Id.
*954 Here, G.B. requested the trial court's file and transcripts on July 23, 1997, but did not receive the transcripts from the modification hearing until November of 1997, and never received the trial court's file. (Brief of Appellant at 9). G.B.'s T.R. 60(B)(8) Motion was filed approximately four months following receipt of the modification hearing transcript. (R. 21-25). The State did not file a brief in opposition to G.B.'s Motion. We find that these factors amount to G.B. having filed her T.R. 60(B)(8) Motion within a reasonable time. The juvenile court erroneously relied upon a strict one year time period for filing a T.R. 60(B)(8) motion, as opposed to the applicable reasonable time standard. Accordingly, we address the merits of G.B.'s "right to counsel" contention.
Pursuant to Ind.Code § 31-32-5-1(2) a parent can waive a juvenile's right to an attorney only if:
(A) that person knowingly and voluntarily waives the right;
(B) that person has no interest adverse to the child;
(C) meaningful consultation has occurred between that person and the child; and
(D) the child knowingly and voluntarily joins with the waiver;
This Code cite protects G.B. and other juveniles by requiring a meaningful consultation between a child and a specified individual before the child's constitutional rights may be waived. See D.D.B. v. State, 691 N.E.2d 486, 487 (Ind.Ct.App.1998). Meaningful consultation is attained upon "actual consultation of a meaningful nature or by the express opportunity for such consultation, which is then forsaken in the presence of the proper authority by the juvenile, so long as the juvenile knowingly and voluntarily waives his constitutional rights." Id.
The following exchange took place during G.B.'s modification hearing:
[G.B.]: I want a lawyer or a public defender.
[Juvenile Court]: Your mom just waived your rights to an attorney, sign the papers.
(R. 121). Clearly, G.B. did not "voluntarily join the waiver." Moreover, G.B.'s response casts significant doubt on whether a "meaningful consultation" had occurred between G.B. and her mother. G.B. properly raised these arguments pursuant to T.R. 60(B)(8), as these contentions justified relief and were not covered by the other sub-paragraphs of T.R. 60(B).
Given the reasonable time period within which G.B. filed her T.R. 60(B) Motion, the lack of prejudice to the State, and the errors made by the juvenile court, we find that G.B.'s T.R. 60(B) Motionas it related to G.B.'s waiver of counsel, was timely filed. Accordingly, we reverse and vacate the juvenile court's May 15, 1997 Order On Initial Hearing of Modification, which found G.B. in violation of her probation.
We affirm in part and reverse in part.
FRIEDLANDER, J., and STATON, J., concur.
NOTES
[1] The juvenile court ruled as follows:

[Juvenile Court]: Count II of the petition reads as follows: ... [G.B.] did knowingly and intentionally engage in tumultuous conduct by attempting to strike other persons with a chair while in the Cedar Lake Police Department. That's in violation of Indiana Code 35-45-1-3(1) [Indiana Code section for Disorderly Conduct], that would be Resisting Law Enforcement, a class B Misdemeanor if you're an adult. Do you admit or deny doing that?
[B.G.]: I admit.
(R. 88-89) (emphasis added). The juvenile court accepted G.B.'s admission and adjudicated her delinquent on September 9, 1996. (R. 90, 62).