Lee WHITT, Appellant–Defendant,

v.

**FARMER'S MUTUAL RELIEF ASSOCIATION, Appellee–Plaintiff.**

No. 57A03–0402–CV–73.

Court of Appeals of Indiana.

Sept. 30, 2004.

Thompson Smith, Smith & Smith, Auburn, IN, Attorney for Appellant.

Mark D. Ulmschneider, Steele Ulmschneider & Malloy, Fort Wayne, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Lee Whitt appeals the trial court's denial of his motion to set aside a default judgment granted to Farmer's Mutual Relief Association ("Farmer's Mutual"). Whitt raises one issue, which we restate as whether the trial court abused its discretion by denying Whitt's motion to set aside the default judgment where Farmer's Mutual had transferred title of the property to a third party after the judgment was entered and where the motion was filed almost one year after the judgment. We affirm.

The relevant facts follow. On August 21, 1998, Whitt entered into a real estate contract with Norma Haley. The contract required Whitt to pay $54,000 for the property payable in monthly installments of $700 and to maintain insurance on the property in an amount not less than $54,000. According to the contract, the insurance was to "be made payable to all the parties hereto as their interests may from time to time appear...." Appellant's Appendix at 10. Whitt obtained insurance through Farmer's Mutual.

On July 12, 2001, the property was destroyed by a fire. Whitt made a payment under the contract to Haley on July 21, 2001 and, thereafter, failed to make any payments. On January 4, 2002, Haley accepted $45,278.19 from Farmer's Mutual, executed a deed transferring the property to Farmer's Mutual, and assigned the contract to Farmer's Mutual.

On August 21, 2002, Farmer's Mutual filed a complaint to foreclose the real estate contract. Whitt was served with the complaint on September 13, 2002, and filed a pro se letter with the trial court on September 23, 2002. On October 9, 2002, Farmer's Mutual filed a motion for default judgment, and on October 11, 2002, Whitt

filed another pro se letter with the trial court asking for court-appointed counsel. After a hearing, the trial court denied Whitt's request for court-appointed counsel and granted Farmer's Mutual's motion for default judgment on December 10, 2002.[1]

On July 28, 2003, Farmer's Mutual deeded the property to the City of Kendalville on July 28, 2003, and the City of Kendalville accepted the deed "in full satisfaction" of its pending complaint against Farmer's Mutual that sought to have the building repaired or demolished. Appellant's Appendix at 65A. Thereafter, the City of Kendalville demolished the building. On December 4, 2003, almost one year after the default judgment was entered, Whitt filed a motion to set aside the default judgment. Whitt alleged that the default was the result of excusable neglect because he was "wrongfully imprisoned and unable to respond to the complaint or retain an attorney because of his wrongful incarceration"[2] and that he had a meritorious defense to the complaint because the insurance coverage paid off the contract and Farmer's Mutual had no right to foreclose on the property after the contract had been paid in full. Id. at 47–48. Whitt also alleged that his first letter to the trial court should have been considered an answer to the complaint.

After a hearing, the trial court denied Whitt's motion to set aside the default judgment and noted, in part, that: (1) Whitt had failed to appeal the order granting default judgment; and (2) after the default judgment was entered, Farmer's Mutual conveyed the property to the City of Kendallville and the City of Kendallville demolished the fire damaged building. The trial court found that "[t]o now permit [Whitt]· to set aside the default judgment would create extraordinary issues due to the real estate conveyance and demolition." Id. at 67.

■ The issue is whether the trial court abused its discretion by denying Whitt's motion to set aside the default judgment where Farmer's Mutual had transferred title of the property to a third party after the judgment was entered and where the motion was filed almost one year after the judgment. The decision of whether to set aside a default judgment is committed to the sound discretion of the trial court. *Tardy v. Chumrley*, 658 N.E.2d 959, 961 (Ind.Ct.App.1995), *trans. denied.* Our review is limited to determining whether the trial court has abused its discretion. *Id.* The trial court has abused its discretion where the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

Ind. Trial Rule 55(C) provides that "[a] judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Thus, "the proper procedure in the Indiana Rules of Trial Procedure for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside." *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 337 (Ind.1983). Ind. Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his

---

1. It is unclear whether Whitt appeared at the hearing on Farmer's Mutual's motion for default judgment. The CCS indicates that Whitt failed to appear, but the trial court's order indicates that Whitt appeared in person and without counsel.

2. As a result of the fire,· Whitt was charged with arson. However, on October 17, 2003, the State dismissed the arson charge against him.

legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \* \* \* \*

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

■ On appeal, Whitt argues that his September 13, 2002 letter to the trial court should have been construed as an answer, and because he filed an answer, he was not required to show a meritorious defense to set aside the default judgment.[3] Whitt does not specify the applicable subsection of Ind. Trial Rule 60(B) by which the trial court should have set aside the default judgment. However, assuming that Whitt argues the default judgment should have been set aside under Ind. Trial Rule 60(B)(1) for a "mistake" or under Ind. Trial Rule 60(B)(8) for any other reason, the rule requires that the motion to set aside "be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)." T.R. 60(B).

In *Henderson v. Am. Optical Co.*, 418 N.E.2d 549, 553–554 (Ind.Ct.App.1981), this court held that, while a motion to set aside under Ind. Trial Rule 60(B)(1) must be filed within one year, the motion must also be filed within a reasonable time. Even if the motion to set aside is filed under Ind. Trial Rule 60(B)(1) within one year, "[t]here may be cases where a two week delay was unreasonable, and others where an eleven month delay was reasonable." *Id.* at 553–554. Consequently, if Ind. Trial Rule 60(B)(1) is applicable to Whitt's motion, the motion must have been

**3.** Whitt argues that even if he was required to demonstrate a meritorious defense, he has met his burden because when Farmer's Mutual paid Haley, the contract was paid off and Haley was obligated to convey the real estate to Whitt. Because we conclude that Whitt failed to file his motion to set aside the default judgment within a reasonable time, we need not address this argument. We express no opinion as to whether Haley was required to convey the property to Whitt.

filed within one year and within a reasonable time. If Ind. Trial Rule 60(B)(8) is applicable to Whitt's motion, the motion must have been filed within a reasonable time.

The determination of what constitutes a reasonable time varies with the circumstances of each case. *Levin v. Levin,* 645 N.E.2d 601, 604 (Ind.1994). "Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay." *Id.* Here, the trial court granted Farmer's Mutual's motion for default judgment on December 10, 2002. In reliance upon the trial court's default judgment order, Farmer's Mutual deeded the property to the City of Kendalville on July 28, 2003, and the City of Kendalville accepted the deed "in full satisfaction" of its pending complaint against Farmer's Mutual that sought to have the building repaired or demolished. Appellant's Appendix at 65A. Thereafter, the City of Kendalville demolished the fire damaged building. Whitt did not file his motion to set aside the default judgment until December 4, 2003, almost one year after the trial court granted the default judgment.

The trial court found, in part, that Whitt's motion to set aside the default judgment was not filed within a reasonable time. The trial court noted that "[i]n reliance of the [default judgment], [Farmer's Mutual] ultimately conveyed title to the real estate for consideration to the City of Kendalville[,] and the City of Kendalville expended public monies to demolish the fire damaged building on the real estate" and "[t]o now permit [Whitt] to set aside the default judgment would create extraordinary issues due to the real estate conveyance and demolition." Appellant's Appendix at 67. We agree.

We conclude that Whitt did not file his motion to set aside the default judgment within a reasonable time. A judgment that divests a defendant of title to property is especially time sensitive. As the trial court noted, Farmer's Mutual has transferred the property in reliance upon the judgment, and the new property owners have demolished the building. Thus, Farmer's Mutual would be severely prejudiced if the default judgment was set aside. *See Levin,* 645 N.E.2d at 604. Moreover, as evidenced by his letters to the trial court, Whitt was aware of the complaint. Further, Whitt does not argue that he was unaware of the default judgment and has not offered a basis for his delay in moving to set aside the default judgment. *See id.* While we cannot say exactly what a reasonable time would have been in this case, Whitt's delay of almost one year was unreasonable. Consequently, the trial court did not abuse its discretion by denying Whitt's motion to set aside the default judgment. *See, e.g., Levin,* 645 N.E.2d at 604 (holding that a father's motion for relief from a child support order under Ind. Trial Rule 60(B)(8) was not filed within a reasonable time).

For the foregoing reasons, we affirm the trial court's denial of Whitt's motion to set aside the default judgment.

Affirmed.

BAILEY, J. and MAY, J. concur.