Luiz ALVES, Appellant–Petitioner,

v.

OLD NATIONAL BANK, f/k/a/ St. Joseph Capital Bank, Appellee–Respondent.

No. 71A03–0909–CV–416.

Court of Appeals of Indiana.

July 1, 2010.

Luiz Alves, Granger, IN, pro se.

Steven L. Hostetler, Thorne Grodnik, LLP, Mishawaka, IN, James R. Byron, Thorne Grodnik, LLP, Elkhart, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Luiz Alves appeals the trial court's denial of his Indiana Trial Rule 60(B) motion for relief from judgment, which was based on newly-discovered evidence and fraud pursuant to subsections (2) and (3). Because Alves filed his Trial Rule 60(B) motion more than one year after the trial court granted summary judgment in favor of Old National Bank and Alves' earlier appeal of that judgment does not toll the one-year limit applicable to motions brought pursuant to subsections (1)-(4), we find that Alves' Trial Rule 60(B) motion is untimely. In any event, even if we consider Alves' evidence on appeal, it does not show that Old National Bank owed a duty to Alves or that Old National Bank breached a duty by conspiring with Alves' former business partner to remove Alves from their company. We therefore affirm the trial court's denial of Alves' Trial Rule 60(B) motion.

### Facts and Procedural History

The underlying facts in this case are taken from Alves' earlier appeal in this case. *See Alves v. Old Nat'l Bank,* No. 71A03–0801–CV–4, 2008 WL 2553008 (Ind. Ct.App. June 27, 2008). Alves and Paulo Teixeira owned Masters Entertainment Group, LLC ("MEG") for the purpose of operating a bowling alley, Strikes and Spares, in Mishawaka. Teixeira was the President and majority owner. Alves was the Vice President, the only other owner, and a salaried employee. MEG received loans from Old National Bank and later defaulted. Teixeira terminated Alves' employment. Teixeira then dissolved MEG and transferred its assets and liabilities to a new limited liability company in which Alves had no interest.

In 2006 two civil actions ensued. In the first, Alves, by counsel, sued Teixeira. An arbitrator affirmed the termination of Alves' employment, and a trial court denied Alves' motion to vacate the arbitration determination. This Court affirmed the trial court in a memorandum decision, concluding that Alves was merely challenging "the arbitrator's factual determinations." *Alves v. Teixeria,* No. 71A03–0610–CV–496, 2007 WL 2284601 (Ind.Ct. App. Aug.10, 2007).

Meanwhile, in October 2006, Alves, by counsel, sued Old National Bank and alleged that: (1) it owed him a duty; (2) it worked with Teixeira "to undermine the role of Alves in MEG and to ultimately have Alves removed from the company"; (3) it breached its duty to Alves; and (4) the breach caused Alves "to suffer financial ruin and face the possibility of depor-

tation from the United States." *Old Nat'l Bank,* slip op. at 2–3. Old National Bank answered and filed three counterclaims, two of which sought attorney fees for Alves' maintenance of a frivolous lawsuit. Old National Bank filed a motion for summary judgment, and the trial court granted summary judgment in favor of Old National Bank on Alves' claims (but not Old National Bank's counterclaims) on October 26, 2007.

Alves, by counsel, then appealed to this Court, arguing that the trial court erred in entering summary judgment in favor of Old National Bank. Specifically, he claimed that Old National Bank and Teixeira conspired to remove him from MEG and that the bank thereby violated its duty to him as a customer, debtor, and friend. In addressing Alves' arguments on appeal, we noted that the trial court made three conclusions, any one of which would support the entry of summary judgment in favor of Old National Bank: (1) Alves waived his claim by not giving the bank ninety days' written notice, which was required pursuant to their agreement; (2) the bank owed no fiduciary duty to Alves; and (3) Alves failed to designate evidence supporting the inference that the bank did anything to undermine his employment and/or membership in MEG. Our June 27, 2008, opinion concluded:

> Old National designated evidence supporting a prima facie showing that there was no genuine issue as to any material fact. Alves therefore could not rest upon his mere allegations, but was required to designate evidence that he gave the required written notice to Old National, that Old National owed him a duty and that it caused the termination of his employment and/or his removal from MEG. To the contrary, Alves asserted without clear evidentiary support that he gave constructive notice of his claim to Old National. His designated

evidence established only that Old National loaned him money and that he agreed to repay it. No duty arose and therefore no duty was breached. For these reasons, we conclude that the entry of summary judgment was proper.

*Id.* at 8.

On June 26, 2009, Alves, who was proceeding *pro se* at this point because his attorney died, filed a motion for relief from judgment pursuant to Trial Rule 60(B)(2) and (3) on grounds that "new evidence that demonstrates the information that the Court had was incorrect" and "fraud has been perpetrated on the Court by the Defendant." Appellant's App. p. 205. Old National Bank filed a response arguing that the express terms of Trial Rule 60 provide that any motion brought pursuant to subsections (2) and (3) must be brought within one year of the date of the entry of judgment. But here, the trial court entered summary judgment on October 26, 2007, and Alves did not file his Trial Rule 60 motion until June 26, 2009, well over a year later. Old National Bank also argued that most of Alves' new evidence was the same evidence that was brought to the trial court's attention in the summary judgment proceedings. Following a hearing, the magistrate who presided over the hearing entered the following order:

> The Court agrees with [Old National Bank] that the Motion was not timely filed. Additionally, the Court further agrees that [Alves] has not carried his burden of proof so as to justify the vacation of the Summary Judgment order.
>
> Therefore, within 10 days of this Order, [Old National Bank] shall prepare and file a proposed Order denying the Motion to Vacate. The Court can accept and approve that order or fashion one of

its own. The time for appeal shall run from the signing of the final order. *Id.* at 314. Then, the trial court entered a final order denying Alves' Trial Rule 60(B) motion for relief from judgment. *Id.* at 5–9. The trial court first found that Alves' motion was not timely filed. As for the merits, the court found:

8. Mr. Alves still fails, as he did in the summary judgment proceedings, to present any direct evidence that Old National Bank took action to undermine the role of Mr. Alves in [MEG].

9. Mr. Alves still fails, as he did in the summary judgment proceedings, to present any evidence from which the Court could infer that ... Old National Bank took action to undermine the role of Mr. Alves in MEG.

10. Mr. Alves still fails, as he did in the summary judgment proceedings, to present any evidence from which the Court could find, either by inference or otherwise, that Old National Bank owed a duty to Mr. Alves over and above that of a bank and a customer.

11. Mr. Alves still fails, as he did in the summary judgment proceedings, to present any evidence from which the Court could find that Old National Bank owed a fiduciary duty to Mr. Alves.

12. This Court's Summary Judgment ruled that Mr. Alves failed to give ONB timely notice of any claim that Mr. Alves believed he had against ONB. That ruling was upheld by the Court of Appeals. Nothing contained in Plaintiff's Motion challenges that ruling.

13. This Court's Summary Judgment ruled that Old National Bank was entitled to the entry of summary judgment as a matter of law and that [Mr. Alves] was not entitled to any relief on his complaint. Mr. Alves still fails, as he did in the summary judgment proceedings, to present any evidence that cre-

ates a genuine issue of material fact to prevent the entry of summary judgment in favor of Old National Bank.

14. To the extent that there is any such evidence in his Motion, Mr. Alves has not shown why such evidence, through the exercise of due diligence, could not have been discovered and presented to this Court in the summary judgment proceedings. The decision of Mr. Alves and/or his attorney not to conduct discovery in this case is not a reason for setting aside a final judgment of this Court.

*Id.* at 7–8. The trial court denied Alves' Trial Rule 60(B) motion. Alves then filed a motion to modify order or correct error, which the trial court also denied. Alves, *pro se,* now appeals.

### Discussion and Decision

■ Alves contends that the trial court erred when it denied his Trial Rule 60(B)(2) and (3) motion for relief from judgment. This Court reviews the denial of a Rule 60(B) motion for an abuse of discretion. *G.B. v. State,* 715 N.E.2d 951, 952 (Ind.Ct.App.1999); *see also Speedway SuperAmerica, LLC v. Holmes,* 885 N.E.2d 1265, 1270 (Ind.2008), *reh'g denied.* We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *G.B.,* 715 N.E.2d at 953. "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *Id.*

Trial Rule 60(B) provides in relevant part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment,

including a judgment by default, for the following reasons:

\*    \*    \*    \*    \*    \*

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . .

Ind. Trial Rule 60(B)(2), (3). In addition, the rule provides:

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), *and not more than one year after the judgment, order or proceeding was entered or taken for reasons* (1), *(2), (3),* and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

*Id.* (emphases added).

Here, the trial court entered summary judgment in favor of Old National Bank on October 26, 2007; however, Alves did not file his Trial Rule 60(B) motion pursuant to subsections (2) and (3) until June 26, 2009, which was "more than one year after the judgment, order or proceeding was entered or taken." *Id.* Nevertheless, Alves argues that while he did not file his motion within one year of the trial court's entry of summary judgment, he did file it within one year of the June 27, 2008, opinion from this Court in his first appeal in this case. *See* Appellant's Br. p. 7 ("The judgment was affirmed by the Court of Appeals of Indiana on June 27, 2008.

Alves motion to relief was filed on June 26, 2009, which is less than one year.").[1]

■  However, Alves presents no authority that the one-year limit is calculated from the date of any appellate decision or that an appeal extends or tolls the one-year limit applicable to motions filed pursuant to Trial Rule 60(B)(1)-(4). In fact, Indiana case law provides that the key date is the date that the *trial court* entered its judgment. *See, e.g., Hovey v. Hovey,* 902 N.E.2d 896, 900 (Ind.Ct.App. 2009) ("A motion for relief from judgment [under Trial Rule 60(B)(1) ] must be made within one year after the trial court entered its order."), *trans. denied.* And although our appellate courts have not appeared to address the issue of whether an appeal extends or tolls the one-year limit, the Seventh Circuit has addressed this issue under Rule 60 of the Federal Rules of Civil Procedure. *See Bershad v. McDonough,* 469 F.2d 1333, 1336 (7th Cir. 1972). Federal Rule of Civil Procedure 60(c) currently provides, "A motion made under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In *Bershad,* the Seventh Circuit held:

A motion under rule 60(b)(1), by the terms of the rule itself, can only be made within one year after the judgment has been entered. The taking of an appeal does not extend this one year period. *Transit Casualty Company v. Security Trust Company,* 441 F.2d 788, 791 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Since the final judgment was entered on June 23, 1969 and defendant McDon-

---

**1.**  Alves then confuses matters by arguing that his motion was brought within a reasonable time, citing Trial Rule 60(B)(8). Appellant's Br. p. 11. Although the time limit for subsec-

tion (B)(8) is indeed within a reasonable time, Alves brought his motion pursuant to subsections (B)(2) and (3).

ough's petition was not filed until May 4, 1971, twenty-two months afterwards, we find that even if there were grounds for relief under rule 60(b), plaintiff's petition was not filed within the allowed time. 469 F.2d at 1336. In addition,

The one-year limit on motions under the first three clauses runs from the date the judgment was entered in the district court. The motion can be made even though an appeal has been taken and is pending. For this reason, it is held that the pendency of an appeal does not extend the one-year limit although if the appeal should result in a substantive change in the judgment the time would run from the entry of the new judgment entered on mandate of the appellate court. Although the pendency of an appeal does not extend the one-year limit, the fact that an appeal had been pending may be considered in determining whether a motion was made in a reasonable time.

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2866 (2d ed.1995) (footnotes omitted). Federal Rule of Civil Procedure 60 is nearly identical to ours, and Indiana courts have looked to federal cases decided under the rule for guidance in the construction of our own rule. *See Person v. Person*, 563 N.E.2d 161, 163 (Ind.Ct.App. 1990), *trans. denied.* Therefore, like Federal Rule 60, we hold that an appeal does not extend the one-year limit contained in our Trial Rule 60(B). Because Alves filed his Trial Rule 60(B) motion twenty months after the trial court entered summary judgment in favor of Old National Bank, his motion is untimely.

█ However, even if we were to find Alves' motion timely, he would still lose on appeal. This is because none of the evidence Alves now relies on (a letter from Teixeira to own his lawyer and letters

from Old National Bank to the Small Business Administration) points to a contrary judgment than that reached by the trial court on summary judgment, which was affirmed by this Court on appeal. That is, Alves submitted no evidence that Old National Bank owed a duty to Alves or that Old National Bank breached any duty by conspiring with Teixeira to remove Alves from MEG. We therefore affirm the trial court's denial of Alves' Trial Rule 60(B) motion.

Affirmed.

NAJAM, J., and BROWN, J., concur.