Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALAN W. ROLES**
Coleman, Roles & Associates, PLLC
Louisville, Kentucky

ATTORNEY FOR APPELLEE:

**JONATHAN A. LEACHMAN**
Fifer Law Office
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHERINE FRAZE, | ) | |
| Appellant, | ) | |
| vs. | ) | No. 22A04-1402-CC-62 |
| FLOYD COUNTY HEALTH DEPARTMENT, | ) | |
| Appellee, | ) | |
| and | ) | |
| CITY OF NEW ALBANY AND ANIMAL CONTROL, | ) | |
| Appellee. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Glenn G. Hancock, Judge
Cause No. 22D02-1001-CC-210

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Katherine Fraze ("Fraze") appeals the trial court's denial of her motion to correct error, which challenged the propriety of a 2010 trial court order favoring the City of New Albany ("New Albany") and limiting the number of dogs Fraze could keep on her property. We affirm.

**Issue**

Fraze raises several issues for our review concerning the constitutionality of the trial court's order. We find persuasive New Albany's responsive argument that Fraze did not timely bring her motion to correct error. We accordingly do not reach the merits of Fraze's designated issues on appeal.

**Facts and Procedural History**

On January 28, 2010, Fraze filed a petition for judicial review of an order of the Floyd County Health Department ("the Department"), which challenged the Department's order that she vacate property on which she was keeping numerous dogs. On September 13, 2010, the trial court found that Fraze had violated a Floyd County animal control ordinance concerning the number of dogs allowed on her property, which was limited to four. The court ordered Fraze to come into compliance with the ordinance by September 20, 2010. On October 5, 2010, the court found that Fraze was in compliance with the ordinance and its September 13, 2010 order.

Over the ensuing years, several status conferences were conducted. Until October 2013, the Chronological Case Summary reveals no alleged or proved violations of the ordinance or the court's order.

On October 3, 2013, the City filed its motion to intervene in the case as the designated agent for enforcement of the Floyd County animal control ordinance. The trial court granted the motion to intervene.

Also on October 3, 2013, the City filed a motion alleging Fraze had more than four dogs on her property, and requested authorization from the trial court to seize from Fraze's property any dogs in excess of the four she was permitted to retain under the ordinance and the trial court's September 13, 2010 order. Along with this motion, the City filed an affidavit for rule to show cause why Fraze should not be held in contempt for violating the September 13, 2010 order.

On October 22, 2013, a hearing was held on the City's motion and affidavit for rule to show cause. At the hearing, Fraze was ordered to reduce the number of dogs on her property to four, with an inspection scheduled to occur on November 25, 2013.

The show-cause hearing was continued several times, and was eventually set for January 14, 2014. In the interim, Fraze filed a motion to reconsider or, in the alternative, to correct error with respect to the September 13, 2010 order. In Fraze's motion, she contended that the September 13, 2010 order was unconstitutional.

The show-cause hearing was conducted on January 14, 2014. On February 12, 2014, the trial court issued its order denying Fraze's motion.

This appeal ensued.

## Discussion and Decision

Fraze challenges the constitutionality of the provisions of the September 13, 2010 order requiring her to limit the number of dogs on her property to four. We do not reach this issue because we conclude, as did the trial court, that Fraze's challenge was untimely.

Fraze appeals the trial court's denial of her motion to correct error, which she alternately frames as a motion to set aside the judgment as void. We review both motions to correct error and motions to set aside judgments for an abuse of discretion, which occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it, or when the trial court errs as a matter of law. Perkinson v. Perkinson, 989 N.E.2d 758, 761 (Ind. 2013) (pertaining to motions to correct error); Whitt v. Farmer's Mut. Relief Ass'n, 815 N.E.2d 537, 539 (Ind. Ct. App. 2004) (pertaining to motions to set aside judgment).

Trial Rule 59 governs the filing and procedure for a motion to correct error. For most judgments, a motion to correct error is not a prerequisite for an appeal. Ind. Trial Rule 59(A). To be timely filed, a party must file its motion to correct error no later than thirty days after the entry of a final judgment. T.R. 59(C).

On September 13, 2010, the trial court entered the order that Fraze challenges. During 2011 and 2012, several status hearings were conducted. Our review of the record discloses no attempt to object at those times, or any failure on Fraze's part to comply with the 2010

4

order. It was not until November 2013 that Fraze brought her motion. As such, the motion was not timely filed.

Nor does Trial Rule 60 preserve Fraze's claims. Trial Rule 60(B) provides several bases upon which a party may seek relief from judgment outside the bounds of a direct appeal or an appeal from a timely motion to correct error. Fraze claims that her challenge to the trial court's September 13, 2010 order was timely under Rule 60(B)(6).

Rule 60(B)(6) provides that parties may obtain relief from judgment when the judgment is void. The rule further provides that a motion under Rule 60(B)(6) "shall be filed within a reasonable time." Fraze contends that the judgment was void on constitutional grounds and that her motion to set aside the judgment was timely.

Whether a judgment is void or voidable is "no mere semantic quibble." Stidham v. Whelchel, 698 N.E.2d 1152, 1154 (Ind. 1998). Where a judgment is void it is "'from its inception … a complete nullity and without legal effect.'" Id. (quoting 46 Am. Jur. 2d Judgments § 31 (1994)). "By contrast, a voidable judgment 'is not a nullity, and is capable of confirmation or ratification. Until superseded, reversed, or vacated it is binding, enforceable, and has all the ordinary attributes and consequences of a valid judgment.'" Id. (quoting 46 Am. Jur. 2d Judgments § 30 (1994)). A void judgment is not subject to the same discretionary review under Trial Rule 60(B)(6), "because either the judgment is void or it is valid." D.L.D. v. L.D., 911 N.E.2d 675, 678 (Ind. Ct. App. 2009), trans. denied.

Here, Fraze could have challenged the judgment through a timely motion to correct error or an appeal, which could in turn have corrected any constitutional error. She did not

5

do so, participated in status conferences in 2011 and 2012, and waited until November 2013—when she faced sanctions for contempt—to challenge the judgment. That is, the trial court's judgment of September 10, 2010 was "subject to confirmation or ratification." Id. at 1154. It was at most voidable, not void.

Consequently, Fraze's motion to correct error or set aside the judgment does not fall within the provisions of Rule 60(B)(6) concerning void judgments, and is subject to the same timeliness requirements as other motions to correct error or to set aside a judgment. Because Fraze's motion was neither brought within a year, as applies to certain motions to set aside judgment, or within a reasonable time, her challenge to the September 13, 2010 order was not timely. Accordingly, the trial court did not abuse its discretion when it denied her motion challenging the September 13, 2010 order.

**Conclusion**

Fraze did not timely challenge the order limiting the number of dogs on her property to four. We accordingly find no error in the trial court's denial of Fraze's motion to correct error.

Affirmed.

KIRSCH, J., and MAY, J., concur.

6