BROWN, Judge,
dissenting.
[38] I respectfully dissent from the majority’s conclusion that the Elliotts are entitled to a refund and that the trial court erred by failing to grant that remedy; At the time of the September 2009 garnishment order, Ind. Appellate Rule 9(A) provided that “[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of ,a Final Judgment”, and that “[unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2.”[8] The El-liotts did not appeal the September 2009 garnishment order. Instead, they paid fifty dollars per week until they challenged the propriety, of the order over four and one-half years later when they filed their motion for refund on April 21, 2014. .
[39] The majority acknowledges that the Elliotts’ appeal is a. collateral attack on the trial court’s September 2009 garnishment and that the Elliotts did not initiate an appeal from the garnishment order, but cites In re Adoption of O.R., 16 N.E.3d 965 (Ind.2014); to support the conclusion that there are extraordinarily compelling reasons to address the merits of such an attack.
[40] I find Adoption of O.R. distinguishable. In that case, the biological father of a minor child attempted to appeal the trial court’s order granting an adoption petition in favor of third parties. 16 N.E.3d at 967. Father wrote a. letter requesting appointment of appellate counsel four days before the deadline for filing a notice of -appeal. Id, at 968. Following the - withdrawal of father’s counsel, new appellate counsel filed a petition to accept an “Amended Notice of Appeal” twenty-three days after the deadline had passed. Id. Because the notice of appeal was not timely filed, a panel of this court dismissed the case on grounds that it lacked jurisdiction to hear the appeal. Id. at 967. On transfer, the Indiana Supreme Court held that the untimely filing of a notice of appeal is not a jurisdictional bar precluding appellate review. Id. at 967-968. The Court held that when the right to appeal is forfeited under Ind. Appellate Rule 9(A) for failure to timely appeal within thirty days, “the question is whether there are extraordinarily compelling reasons why this forfeited right should be restored.” Id. at 971. The Court observed that Ind, Appellate Rule 1 provides that “[t]he Court may, upon the motion of a party or the Court’s own motion, permit deviation from' these Rules.” Id. at 972. The Court held that “despite the ‘shall be forfeited’ language of Rule 9(A), the Rules themselves provide a mechanism allowing this Court to resurrect an otherwise forfeited appeal.” Id.
[41] The Court observed the facts of that case and stated “perhaps most important, the Fourteenth Amendment to the United States Constitution protects the traditional right of parents to establish a home and raise their children.” Id. The ■Court concluded that “[i]t is this unique *461 confluence of a fundamental liberty interest along with ‘one of the most valued relationships in our culture’ that has, often influenced this Court as well as our Court of Appeals to decide cases oh their merits rather than dismissing them on procedural grounds,” and that “in light of Appellate Rule 1, Father’s attempt to perfect q timely appeal, and the constitutional dimensions of the parent-child relationship, we conclude that Father’s otherwise forfeited appeal deserves a determination on the merits.” Id.
[42] The Elliotts did not file a notice of appeal of the September 2009 garnishment order, and their appeal essentially amounts to a collateral attack on a previously issued final judgment. See JPMorgan Chase Bank, N.A. v. Brown, 886 N.E.2d 617, 621 n. 5 (Ind.Ct.App.2008) (explaining that a garnishment order is a final judgment). Even assuming that the analysis in O.R. applied, I would find no such extraordinarily compelling reasons exist in this-case, especially given the long delay in the challenge to the propriety of the garnishment order. Furthermore, even if we were to consider the Elliotts’ motion for refund as a motion for relief from the September 2009 garnishment order pursuant to Trial Rule 60(B), it would still be untimely. A Rule 60(B) motion must be filed “not more than one year after the judgment” if based on reasons (1), (2), (8), or (4), or it must be filed “within a reasonable time” if based on reasons (6), (6), (7), or (8). T.R. 60(B). “The determination of what constitutes a reasonable time varies with the circumstances of each case.” Levin v. Levin, 645 N.E.2d 601, 605 (Ind.1994). “Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party’s delay.” Id. Here, the Elliott’s motion for refund was not filed within one year nor a reasonable time after the entry of that judgment. The Elliotts waited over four and a half years to seek relief from the September 2009 garnishment order, and such period of time is not reasonable. See id. (holding that a husband’s delay of five years from the dissolution order to challenge his support obligation did not constitute a reasonable time and holding that his excuse that he was unaware of his legal actions because he was not represented by counsel was insufficient to justify the length of the delay).
[43] For these reasons I respectfully dissent and would affirm the trial court’s denial of the Elliotts’ motion for refund.
Attachment
STATE OF INDIANA • COUNTY OF VANDERBURGH IN THE VANDERBURGH SUPERIOR COURT 3 CAUSE NO.: 82D03-0701-MF-00185 FIFTH THIRD MORTGAGE COMPANY, Plaintiff, vs. WILLIAM C. ELLIOTT, MARY KAY ELLIOTT AND HONOR STATE BANK, Defendants.-
FILED MARCH 07, 2007

DEFAULT JUDGMENT OF FORECLOSURE

COMES NOW the Plaintiff, Fifth Third Mortgage Company ■ (hereinafter referred to as “Fifth Third”), by counsel, and having heretofore filed its Complaint on Note and for Foreclosure of Mortgage and it appearing to the satisfaction of the Court by the Summons issued, herein and the Clerk’s Return endorsed thereon, that the Defendants, William C. Elliott, Mary Kay Elliott and Honor Státe Bank, having been duly served with process twenty-three (23) days prior to the return of said Summons.
*462 And the Plaintiff having filed an Affidavit of Non-Military Service as to the Defendants, William C. Elliott and Mary Kay Elliott.
And the Defendants, William C. Elliott, Mary Kay Elliott and Honor State Sank, having failed to appear or respond to plaintiffs complaint are hereby defaulted.
And, this cause is now submitted to the Court for finding, and the Court being duly advised in the premises, finds for the Plaintiff and against the Defendants, William C. Elliott and Mary Kay Elliott, the sum of $92,911.19, computed as follows:
Principal Balance $87,626.99
Accrued Interest as of Feb 09, 2007 3,575.80
Title Search 275.00
Late Charges 179.40
Court Costs 142.00
Service of Process 13.00
Attorney Fees 1,200.00
TOTAL: $92,911.19
And the Court further finds that in addition to said sum, Fifth Third shall receive interest at-the per diem rate of $16,19 per day from February 9, 2007, until the date of judgment and final decree, with a post-judgment statutory interest rate of 6.75% thereupon until paid, plus further costs' incurred.
And the Court finds that said sums are secured by a mortgage upon the real estate in Vanderburgh County, Indiana, more particularly described as follows:
Lot Seventy (70) in Schreedar Place, an Addition to the City of Evansville," as per plat thereof, recorded in Plat Book F, page 106, in the Office of the Recorder of Vanderburgh County, Indiana,
and commonly known as 70i South Norman Avenue, Evansville, IN 47714. •
And the Court further finds that on March 9, 2005, the Defendants, William C. Elliott -and Mary Kay Elliott filed for protection under Chapter 7 of the U.S. Bankruptcy Code, Case No. 05-70423-BHL. The Bankruptcy case was discharged on June 7, 2005, The Bankruptcy case was closed on June 14, 2005.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:
1. Plaintiff, Fifth Third, is hereby granted judgment IN REM in the amount of Ninety-two Thousand Nine Hundred Eleven Dollars and Nineteen Cents ($92,-911.19) against William C. Elliott and Mary Kay Elliott, computed as follows:
Principal Balance $87,525.99
Accrued Interest as of Feb 09, 2007 3,575.80
Title Search 275.00
Late Charges 179.40
Court Costs 142.00
Service of Process 13.00
Attorney Fees 1,200.00
TOTAL: $92,911.19
*463 with interest thereon from February 9, 2007, until the date of the Judgment at the per diem rate of $16.19 and with a post-judgment statutory interest rate of 6.75% thereafter until paid, without relief from valuation and appraisement laws, together with the costs of this action and sale and any further costs Fifth Third incurs with respect to the maintenance of the real estate.
2. The mortgage lien of the Plaintiff, Fifth Third Mortgage Company, be, and the same hereby is, foreclosed, and the equity of redemption of the Defendants, William C. Elliott and Mary Kay Elliott, the other Defendants herein, and all persons claiming from, under or through t&m or any of them and to the real estate are forever barred and foreclosed as to real estate located in Vanderburgh County, Indiana, more particularly described as follows:
Lot Seventy (70) in Schreedar Place, ah Addition to the City of Evansville, as per plat thereof, recorded in Plat Book F, page 106, in the Office of the Recorder of Vanderburgh County, Indiana.
hereinafter referred to as the “Real'Estate,” and commonly known as 701 South Norman Avenue, Evansville, IN 47714.
3. The Plaintiffs mortgage provides for the payment of reasonable attorneys’ fees, and a reasonable fee for Plaintiffs attorney is One Thousand Two Hundred Dollars ($1,200.00) as hereinabove shown.
4. That if the residential structure on the real estate is a manufactured' homé, that any interest of the defendant(s) in the manufactured home be, and the same is hereby foreclosed and the Bureau of Motor Vehicles is hereby ordered to issue a certificate of title in the Plaintiffs name to the manufactured home and that the Bureau of Motor Vehicles is ordered to retiré the Certifícate of Title to the Manufactured home as it is now attached to and part of the real estate. ■ •
5. The Real Estate, and all right, title and interest of the Defendants, William C. Elliott and Mary Kay Elliott, and all persons claiming from, under or through them or any of them in and to the Real Estate, shall be sold by the Sheriff of Vander-burgh County, Indiana, in the manner as by law provided, without relief from valuation and appraisement laws, and the proceeds of sale shall be applied in the following order (See I.C. § 32-30-10-14):
First, to pay the expenses of the offer and sale, including expenses of the Sheriff incurred under I.C. § 32-29-7-4 or 32-30-10-9; •
Second, to pay any property taxes on the property sold that are due and owing and for which the due date has passed as of the date of the sheriffs sale;
Third, to pay any amount of redemption where a certificate of sale is outstanding;
Fourth, to the payment to the Plaintiff, Fifth Third Mortgage' Company, the principal, interest and costs due, and the residue secured by the Mortgage not due, in the sum of Ninety-two Thousand Nine Hundred Eleven Dollars and Nineteen Cents ($92,911.19) with interest at the per diem rate of $16.19 from February 9, 2007, until the date of judgment, and with a post-judgment statutory interest rate of 6.75% thereafter until paid, and any further costs incurred by Fifth Third Mortgage Company; .
Fifth, when the proceeds of sale exceed the total of the amounts described above, the surplus will be paid to the clerk of the court to be transferred as the court directs.
6. The Plaintiff shall have the right at such sale to bid for the' aforesaid real *464 estate offered for sale,- and in the event Plaintiff shall be the successful bidder, it shall have the right to apply the amount of the judgment herein rendered, or so much thereof as may be required, as a credit toward the purchase price of said Real Estate.
7. Plaintiff may cancel the Sheriffs Sale at any time prior to the scheduled time and date without further Order of the Court ,by providing notification to the Sheriff of Vanderburgh County or Sheriffs representative.
8. Upon the execution by the Sheriff of a Deed of Conveyance to the Real Estate sold hereunder, if not previously redeemed by the person or persons entitled thereto, any person who may be in possession of the Real Estate," or any part thereof, upon demand and exhibition of said Sheriffs Deed, or a true copy thereof, shall forthwith surrender the Real Estate to the holder of such Deed. In the event such person so in possession of the Real Estate shall refuse to fully and peacefully surrender possession of. the Real Estate, the holder of said Sheriffs Deed shall, file a petition for writ of assistance and,upon receipt of the court’s order to vacate, the Sheriff of Vanderburgh County shall forthwith vacate the Real Estate and give full and peaceful possession thereof to the purchaser under said Sheriffs sale.
- 9. A copy of this judgment and decree, duly certified by the Clerk of Vanderburgh County, under the seal of this -Court, shall be sufficient authority to the Sheriff of Vanderburgh County, Indiana, to proceed as herein directed.
/s/ Robert J. Tornatta
Judge, Vanderburgh County Superior Court 3
Distribution list attached:
Craig D. Doyle (4783-49)
Joanne B. Friedmeyer (10819-49)
Andrew M. David (18600-09)
James L. Shoemaker (19562-49)
DOYLE & FRIEDMEYER, P.C.
First Indiana.Plaza, Suite 2000
135 North Pennsylvania Street
Indianapolis, IN 46204-2456
Telephone (317) 264-5000
Facsimile (317) 264-5400
William C. Elliott
701 South Norman Avenue
Evansville, IN 47714
Mary Kay Elliott
701 South Norman Avenue
Evansville, IN 47714

. The current version of Ind. Appellate Rule 9(A) provides in relevant part that "[a] party initiates an appeal by filing a Notice of Appeal with the Cleric (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary,” and "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C:R. 2.”